## COX v. LOUISIANA POWER & LIGHT CO.

### No. 4587.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Fink & Fink, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

MILLS, Judge.

Plaintiff resides at 811 Natchitoches street, West Monroe, La. The house across the street from him is numbered 812, and was vacant at the time of the occurrences complained of herein. Both houses are electrically lighted; the current being furnished by defendant company over its wires, which run into the two houses designated above from one pole located in the street.

Because of the vacation of the premises at some time after 12:30 on the afternoon of October 1, 1932, defendant sent its lineman to disconnect the wires running into the house numbered 812. Plaintiff having duly paid his bill for electricity, this lineman had no instructions and no occasion to cut off the current into his residence. But, entirely through error and inadvertence, he did disconnect at the pole the wires running into plaintiff's home. They were reconnected and the service restored between 5:30 and 6, just about dusk on the same day. After the noonday meal plaintiff went to his work, at about 12:30, and knew nothing of the trouble until he returned about 7, more than an hour after the mistake had been corrected.

He brings this suit in forma pauperis to recover $1,000 for damages to himself resulting from the cutting off of his electricity, enumerated as follows: Humiliation and embarrassment because a woman roomer, who was ill, was deprived of necessary light and the warmth of an electric iron which she was using as a hot application; the discomfort, inconvenience, and embarrassment caused by the interference with the household duties of his wife; and for the embarrassment and humiliation resulting from the fun and levity indulged in by his neighbors at his expense because of the incident.

It is admitted that a legal tender in the sum of $10, representing all possible damage, was made and rejected prior to the filing of the suit.

There was not much conflict in the testimony as to what actually occurred in regard to the cutting off of the current. Plaintiff claims that it was interrupted at about 12:30, but from the testimony of a number of employees of defendant we are satisfied that it was nearly 2. According to plaintiff's wife, she started calling the company's office immediately after the connection was severed, but its employees say that no notice was received at its office until after 5 o'clock,

and that regret was expressed and the current cut back on as promptly as possible.

The lower court rendered judgment in favor of plaintiff for the amount of the tender, condemning plaintiff to pay the costs. From this judgment plaintiff has appealed, asking that it be increased, and defendant has answered, asking that an exception of no cause of action filed by it and referred to the merits be sustained, and, if not, that the plaintiff's demand be wholly rejected.

■ The exception of no cause of action was filed on the day of trial, before the taking of testimony had begun. It should have been passed on before proceeding further, but was without objection referred to the merits. It is not passed upon in the final judgment, and is therefore not before us on appeal.

■ The defendant was clearly and admittedly negligent in disconnecting plaintiff's current. Plaintiff had paid his bill and was entitled to continuous service. While he was not at home during the time his premises were without lights, he still suffered some annoyance and humiliation because of the occurrence. We can see no object in burdening this opinion with a review of the testimony. We will content ourselves with saying that it fails entirely to support any substantial award. After carefully reading it, we agree with the learned trial judge, who saw and heard the witnesses, that the amount tendered the plaintiff is adequate.

The judgment appealed from is therefore affirmed.